IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. H-95-142-34 |
| | § | CIVIL ACTION NO. H-03-2714 |
| CESAR MORENO, SR., | § | |
| | § | |
| | § | |
| Defendant-Movant. | § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the Magistrate Judge upon referral from the District Judge is Movant Cesar Moreno's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 6154). After reviewing Movant's § 2255 Motion, the record of the proceedings before the District Court in the underlying criminal case and on appeal, the earlier post conviction proceeding, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Movant Cesar Moreno Sr.'s § 2255 Motion (Document No. 6154) be DISMISSED WITHOUT PREJUDICE.

**I.     Procedural History**

Movant, Cesar Moreno, Sr., ("Moreno"), who is currently in the custody of the United States Bureau of Prisons, has previously sought federal habeas corpus relief under 28 U.S.C. § 2255. This is Moreno's second attempt at § 2255 relief.

On October 10, 1996, Moreno and seventy-eight co-defendants were charged in a 196 count sixth superseding Indictment, which arose out of a drug-trafficking organization headquartered in

Starr County, Texas. (Document No. 19). The superceding indictment charged various defendants with narcotics distribution, money laundering, conspiracy to evade currency reporting requirements, failure to file tax forms, aiding and abetting the use of a communication facility, aiding and abetting travel in foreign and interstate commerce, conspiracy to travel in aid of a racketeering enterprise, conspiracy to obstruct justice, obstruction of justice, and continuing criminal enterprise. Moreno was charged in counts 1, 5, 94-98, 100-102, 105, 164 and 165. Moreno pleaded guilty, pursuant to a written Plea Agreement, to conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A) and 846 (count one), and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(g) and (h) (count 5). Under the written Rule 11(e)(1)(B) Plea Agreement (Document No. 2605), Moreno waived his right to appeal, agreed to cooperate with the Government as the written plea agreement provided for a potential sentencing departure under Section 5K1.1 of the Sentencing Guidelines if the Government concluded that Moreno had provided substantial assistance, and agreed to make a full and complete disclosure concerning assets subject to forfeiture by the Government. The Government, in exchange for Moreno's plea, agreed to dismiss the remaining counts against Moreno at sentencing. On April 13, 1998, Moreno pleaded guilty. (Document No. 2604, Transcript of Rearraignment Hearing, Document No. 2701). Prior to sentencing, a Pre-sentence Investigation Report ("PSR") was prepared, to which Moreno filed written objections. (Document No. 4164, 4261, 4145, 4222).

    Moreno was sentenced on April 27, 2001. (Document No. 4307, Transcript of April 27, 2001, Sentencing Hearing, Document No. 4542). Moreno was sentenced to life imprisonment on count one, and 240 months on count two, the terms of imprisonment to be served concurrently, to be followed by a five year term of supervised release on count one and a three year term of

supervised release on count five, both terms to be served concurrently. Also, the Court imposed a fine of $25,000 and a special assessment of $200. (Document No. 4307, Transcript of Sentencing Hearing, Document No. 4542, pp. 16-19). Judgment was entered on May 4, 2001. (Document No. 4318). Moreno appealed his conviction and sentence to the Fifth Circuit Court of Appeals. The Fifth Circuit, unpersuaded by Moreno's arguments, affirmed his conviction on April 26, 2002. (Document Nos. 4807, 4808). Moreno did not file a petition for writ of certiorari with the United States Supreme Court. On July 21, 2003, Moreno filed a § 2255 Motion to Vacate, Set Aside, or Correct Sentence. (Document No. 5173). In that motion, Moreno raised claims of ineffective assistance of counsel. Moreno claimed his attorney rendered erroneous advice concerning the sentence he would receive if he pleaded guilty. Moreno argued that counsel led him to believe he was going to receive a sentence of eight to fifteen years. Moreno suggested that counsel was not familiar with the federal sentencing guidelines. He also argued that counsel was ineffective for failing to challenge the sufficiency of the Indictment prior to entering his plea. He further argued that counsel was ineffective for failing to object to the sufficiency of the prosecutor's factual basis to support his guilty plea. The undersigned Magistrate Judge, on June 24, 2005, issued a Memorandum and Recommendation which recommended that Movant's § 2255 Motion be denied. (Document No. 5527). Judge Harmon, on December 3, 2007, adopted the Memorandum and Recommendation in full, denied Moreno's § 2255 motion, and dismissed the action. (Document No.5840). Moreno appealed the denial to the Fifth Circuit Court of Appeals. On June 17, 2009, the Fifth Circuit affirmed the denial of Moreno's § 2255 motion. (Document No. 5972).

Nearly three years later, on September 4, 2012, Moreno filed a § 2255 Motion. (Document No. 6148). Moreno raises a claim of ineffective assistance of counsel. According to Moreno trial

3

counsel's performance during the plea bargain process fell short of the standard recently announced by the United States Supreme Court in *Lafler v. Cooper*, 132 S.Ct. 1376 (2012) and *Missouri v. Frye*, 132 S.Ct. 1399 (2012).[1]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2255 to provide that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Of significance for the instant action, AEDPA further amended 28 U.S.C. § 2244 to provide that:

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Pursuant to 28 U.S.C. § 2244(3)(A), Moreno must first obtain authorization from the Fifth Circuit before this Court has jurisdiction to entertain Castro's successive § 2255 motion. *See United States v. Orozco-Ramirez,* 211 F.3d 862 (5th Cir. 2000); *United States v. Key,* 205 F.3d 773, 774 (5th Cir. 2000); *Hooker v. Sivley,* 187 F.3d 680, 681-82 (5th Cir. 1999); *United States v. Rich,* 141 F.3d 550,

---

[1] Even assuming that the instant § 2255 motion was not successive, Moreno would not be entitled to relief on ineffective assistance claim based on the retroactivity of *Lafler v. Cooper* and *Missouri v. Frye* in this Circuit. The Fifth Circuit Court of Appeals in *In Re: Richard M. King, Jr.*, ___F.3d. ___, 2012 Wl 4498500, No. 12-40772 (August 14, 2012), in the context of a successive § 2254 application, wrote: "we agree with the Eleventh Circuit's determination in *In re Perez*, 682 F.3d 930, 933-34 (11th Cir. 2012), that *Cooper* and *Frye* did not announce new rules of constitutional law because they merely applied the Sixth Amendment right to counsel to a specific factual context."

4

554 (5th Cir. 1998), *cert. denied,* 526 U.S. 1011 (1999). Moreno filed his second federal habeas motion without first obtaining Fifth Circuit authorization to do so. As a result, until Moreno obtains the Fifth Circuit's approval to file another federal habeas motion, this Court lacks jurisdiction over the instant action and it should therefore be dismissed without prejudice.

## II. Conclusion and Recommendation

Based on the foregoing, the Magistrate Judge

RECOMMENDS that Movant Cesar Moreno, Sr.'s § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 6148) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996).

Signed at Houston, Texas, this 10th day of October, 2012.

Frances H. Stacy
United States Magistrate Judge