IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| | § | CRIMINAL NO. H-95-142-34 |
| VS. | § | CIVIL ACTION H-03-2714 |
| | § | |
| CESAR MORENO, SR., | § | |
| | § | |
| Defendant/Movant. | § | |

**OPINION AND ORDER**

Pending before the Court in the above referenced cause are Movant Cesar Moreno, Sr.'s motion to vacate, set aside, or correct sentence under 28 U.**S.C.** § 2255(f)(3) (#6148 in H-95-CR-142), his second request for § 2255 relief based on ineffective assistance of counsel during plea bargaining, and United States Magistrate Judge Frances Stacy's memorandum and recommendation that the motion be dismissed without prejudice (#6163 in H-95-CR-142). Movant has not filed any objections to the memorandum and recommendation.

Movant seeks relief based on two recent cases issued by the United States Supreme Court addressing counsel's performance during the plea bargain process: *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012).

Magistrate Judge Frances Stacy pointed out that 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), currently provides,

> A second or successive motion must be certified a provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Furthermore, the AEDPA also amended 28 U.S.C. § 2244(3)(A), which provides "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Thus Movant must obtain authorization for the Fifth Circuit before this Court can have jurisdiction to entertain Moreno's successive § 2255 motion. *See United States v. Orozco-Ramirez*, 2011 F.3d 862 (5th Cir. 2000); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Hooker v. Sively*, 187 F.3d 680, 681-82 (5th Cir. 1999); *United States v. Rich*, 141 F.3d 550, 554 (5th Cir. 1998), *cert. Denied*, 526 U.S. 1011 (1999).

After a *de novo* review, the Court finds that the record and the law support Magistrate Judge's conclusions. Accordingly, the Court ADOPTS her memorandum and order as its own and

ORDERS that Movant Cesar Moreno, Sr.'s motion pursuant to 28 U.S.C. sec. 2255(f)(3) is DISMISSED without prejudice for lack of

subject matter jurisdiction.

**SIGNED** at Houston, Texas, this  20th  day of  March , 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE